IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GREENSBORO DIVISION



| | |
|---|---|
| SHARON RENEA BLACKMON )<br>Plaintiff )<br>Vs. )<br>STATE OF NORTH CAROLINA, )<br>DEPARTMENT OF HEALTH AND )<br>HUMAN SERVICES, )<br>Defendant ) | COMPLAINT<br>(Jury Trial Demanded)<br>1:20CV786 |

## INTRODUCTION

This is a civil action seeking $500,000 in damages from Defendant State of North Carolina, thru its political sub-unit NC Department of Health and Human Services, arising from Defendants' unlawful termination of Plaintiff, Sharon Renea Blackmon's, employment in violation of the anti-retaliation provision of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215 et. seq. and the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et. Seq.

## PROCEDURAL BACKGROUND

There are no exhaustion of administrative remedies nor issuance of a right to sue requirements to be satisfied in FLSA and/or FMLA actions.

## JURISDICTION AND VENUE

This action is brought pursuant to 29 U.S.C. § 215 and 29 U.S.C. 2615 et. al. This Court has original jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331. Venue is proper in the Middle District of North Carolina under 28 U.S.C. § 1391 (b)(l) and (2).

## PARTIES

1. Plaintiff Sharon Renea Blackmon at all relevant times was/is a citizen of and resides in Guilford County, North Carolina. Plaintiff was employed as a Processing Assistant with Defendants from March 2010 until August 31, 2017.
2. Defendant, Department of Health and Human Services, is a sub-political unit of the State of North Carolina which manages the delivery of health and human services for the disabled, children, elderly, and low-income citizens.

## FACTS AND ALLEGATIONS

1. Plaintiff hereby incorporates the foregoing facts and allegations by reference herein.
2. Plaintiff was an "employee" and Defendants were the "employer" within the definition of 29 U.S.C. § 203 et al of the Fair Labor Standard Act (FLSA) at all relevant times during this complaint.
3. Defendants employed Plaintiff and was responsible for administering Plaintiff's hours of work, payment of wages, conditions of employment, and pay policies at all relevant times during this complaint.
4. Defendants are subject to the requirements of the FLSA because they are an enterprise in interstate commerce and their employees are engaged in interstate commerce.
5. Plaintiff was employed as a full-time, non-exempt Processing Assistant, subject to the FLSA, with Defendants for seven and ½ years from March 2010 until August 31, 2017.
6. August 4th, 2017, Plaintiff filed a formal unpaid overtime claim against Defendant in the North Carolina Office of Administrative Hearings (case #17OSP05186) after Defendant repeatedly failed to respond to several internal requests to resolve plaintiff's unpaid overtime dispute (albeit it was later determined the venue was incorrect).
7. August 7th, 2017, Plaintiff received a request from Defendant's Regional Director Alma Taylor, to retroactively change her previously approved prior month's computer payroll record from paid leave to leave without pay. This action would cause a salary overpayment resulting in plaintiff's next paycheck being docked several days.
8. Defendant's Regional Director, Alma Taylor, at all times relevant during Plaintiff's employment, has never managed, controlled, or been involved with Plaintiff's payroll record as Regional Director until after Plaintiff filed the unpaid overtime complaint.
9. August 7th, 2017, Plaintiff requested additional information and clarity concerning Defendant Taylor's retroactive payroll request. Plaintiff stated to Defendant that she used the same paid leave policy, prior to filing the unpaid overtime complaint, and Defendant never requested any retroactive changes which would create a dock in future pay.
10. August 8th, 2017, Plaintiff received a request from Defendant's Division Director, Tara Myers, at approximately 11:30 A.M., to comply with Regional Director Alma Taylor's directive to retroactively change her previously approved prior month's payroll record from paid leave to leave without pay by 12:00 P.M. or it would be considered insubordination which could lead up to termination.
11. Defendant's Divisional Director, Tara Myers, at all times relevant during Plaintiff's employment, has never managed, controlled, or been involved with Plaintiff's payroll record as Divisional Director, until after Plaintiff filed the unpaid overtime complaint.
12. Defendant's Local Office Manager, Veta Cooper-Henderson, at all times relevant during Plaintiff's employment, always had immediate and primary supervisory control over Plaintiff's payroll record prior to Plaintiff filing the unpaid overtime complaint.
13. August 8th, 2017, Plaintiff responded to Defendant's request before 12:00 P.M. deadline of her intentions to comply with the original directive to retroactively change her previously approved payroll record to unpaid leave, out of fear of job loss, by 12:30 due to a pending priority task that needed immediate attention.

14. August 8th, 2017, Plaintiff complied with Defendant's directive to retroactively change her previously approved payroll record at 12:15 P.M. However, Defendant had already suspended Plaintiff and placed her on a non-disciplinary, investigatory leave for alleged insubordination.
15. August 9th, 2017, Plaintiff applied for and Defendant approved 12 weeks/480 hours of Family Medical Leave via certified mail (confirmation #70120470000163908396).
16. August 14th, 2017, Plaintiff met with Defendant Regional Director, Alma Taylor, to participate in the investigation conference, despite Plaintiff's objections to the conference due to her FML status. Plaintiff reiterated she complied with Defendant's directive to retroactively change her previously approved prior month's payroll record from paid leave to unpaid leave.
17. August 30th, 2017, Defendant Taylor scheduled a Pre-Disciplinary conference to give Plaintiff an opportunity to share information prior to the recommended termination of employment. Plaintiff emailed a letter, in lieu of appearance, reiterating she complied with Defendant's directive to retroactively change her previously approved prior month's payroll record from paid leave to unpaid leave.
18. August 31st, 2017, Defendant Taylor terminated Plaintiff's year employment with North Carolina Department of Health and Human Services, while Plaintiff was still out on Family Medical Leave, for alleged unacceptable personal conduct (insubordination) for failure to retroactively change her previously approved prior month's payroll record from paid leave to unpaid leave.
19. Defendant suspended Plaintiff 4 days after filing the unpaid overtime complaint and officially terminated Plaintiff's employment 27 days after filing the unpaid overtime complaint with the NC Office of Administrative Hearings.
20. Defendant Taylor, who the Plaintiff named in the overtime complaint, made the decision to terminate plaintiff's employment.
21. Defendants did not follow their progressive discipline policy for Plaintiff's alleged unacceptable personal conduct as required by the Office of State Human Resources Employee's Discipline and Suspension Policy.
22. Plaintiff at all relevant times during her employment, was never disciplined (i.e. warned, written-up, suspended without pay, demoted, etc.) by Defendants for any unsatisfactory job performance or unacceptable personal conduct behavior, including insubordination, prior to Plaintiff filing the unpaid overtime wage complaint with NC Office of Administrative Hearings.
23. Plaintiff, at all relevant times during her employment, always met expectations on her annual job performance evaluations prior to Plaintiff filing the unpaid overtime wage complaint with NC Office of Administrative Hearings.
24. Defendant's did not follow their interference with FML rights policy as required by the Office of State Human Resources Employee's Family Medical Leave Policy. Plaintiff was terminated August 31, 2017, while out on approved Family Medical Leave and was not restored to her job or similar position.
25. Prior to Plaintiff's discharge, Defendant had knowledge of Plaintiff's unpaid overtime complaint and Family Medical Leave status.

26. Defendant's unlawful retaliatory discharge was intentional, willful, and made as a result of Plaintiff protected activity of filing a complaint and Family Medical Leave status.

### FIRST CLAIM FOR RELIEF- FAIR LABOR STANDARDS ACT VIOLATION (Anti-Retaliation)

27. Plaintiff repeats and re-alleges Paragraphs 1 thru 26 above, as if they were fully set forth herein.
28. This claim under the Fair Labor Standards Act is brought against all Defendants in their official capacity.
29. Defendant's termination of Plaintiff's employment for filing an unpaid overtime complaint was willful, intentional, and unlawful.
30. Due to Defendants' willful and intentional FLSA violations as described above, Plaintiff is entitled and hereby seeks to recover from Defendants compensation for loss of wages, front pay, compensatory damages, pre-and post-judgment interests, attorney fees, and other costs and fees.

### SECOND CLAIM FOR RELIEF- FAMILY MEDICAL LEAVE ACT VIOLATION (Interference)

31. Plaintiff repeats and re-alleges Paragraphs 1 thru 26 above, as if they were fully set forth herein.
32. This claim under the Family Medical Leave is brought against all Defendants in their official capacity.
33. Defendant's termination of Plaintiff's employment while Plaintiff was out of work on FMLA was willful, intentional, and unlawful.
34. Due to Defendants' willful and intentional FMLA violations as described above, Plaintiff is entitled and hereby seeks to recover from Defendants compensation for loss of wages, front pay, compensatory damages, pre-and post-judgment interests, attorney fees, and other costs and fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court to enter judgment against the Defendants as follows:

1. That the Court declare the Defendants practices complained herein are unlawful under the FLSA and FMLA.
2. That the Court enter a judgement against Defendants to pay Plaintiff's backpay, front pay, and compensatory damages in a sum proven at trial.
3. That the Court Award Plaintiff all reasonable costs and attorneys' fees incurred as a result of this action.
4. That the Court award the Plaintiff pre-judgment and post-judgment interest, as provided by law.
5. That the Court award the Plaintiff a trial by a jury.
6. That the Court award such other and further legal and equitable relief as this Court deems necessary, just, and proper.

### DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues presented within.