IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
FILE NO. 1:20-CV-786-NCT-JLW



| | | |
|---|---|---|
| SHARON RENEA BLACKMON | ) | |
| Plaintiff, | ) | |
| vs. | ) | PLAINTIFF'S OPPOSITION TO |
| STATE OF NORTH CAROLINA, | ) | DEFENDANTS'S MOTION TO DISMISS |
| DEPARTMENT OF HEALTH & | ) | OR FOR SUMMARY JUDGEMENT |
| HUMAN SERVICES, | ) | |
| Defendant | ) | |

NOW COMES Plaintiff, Sharon Renea Blackmon, who hereby submits this Opposition to Defendant's Motion to Dismiss or for Summary Judgement. In support of this opposition, Plaintiff relies upon its **Memorandum of Law in Opposition to Defendant's Motion to Dismiss or for Summary Judgement,** filed contemporaneously with this motion, which sets forth why denial is appropriate.

Respectfully submitted this 16th day of November 2020.

*Sharon Renea Blackmon*

Sharon Renea Blackmon, Pro se

5952 Bluestem Circle

Greensboro, NC. 27405

(336) 954-7936

srblackmon@hotmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GREENSBORO DIVISION

FILE NO. 1:20-CV-786-NCT-JLW

| | | |
|---|---|---|
| **SHARON RENEA BLACKMON** | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM OF LAW IN OPPOSITION TO** |
| **STATE OF NORTH CAROLINA,** | ) | **DEFENDANTS'S MOTION TO DISMISS** |
| **DEPARTMENT OF HEALTH &** | ) | **OR FOR SUMMARY JUDGEMENT** |
| **HUMAN SERVICES,** | ) | |
| Defendant | ) | |

NOW COMES Plaintiff, Sharon Renea Blackmon, who hereby submits this Memorandum of Law in Opposition to Defendant's Motion to Dismiss or for Summary Judgement.

## FACTUAL BACKGROUND OF CASE

Plaintiff filed a complaint on August 28, 2020 alleging two causes of action: (1) dismissal of employment in retaliation for engaging in protected activity under the Fair Labor Standards Act (FLSA), 29 U.S.C. 215 and (2) interference with use of leave when she was dismissed from employment while out on leave protected under the Family Medical Leave Act (FMLA), 29 U.S.C. 2601. Defendant was properly served on September 1, 2020 with an answer due by September 22, 2020. On September 22, 2020, Defendant requested and was granted a 30-day extension, up to and including October 22, 2020, to answer or respond to the complaint.

On October 22, 2020, Defendant filed a motion to dismiss or for summary judgement against Plaintiff's FLSA retaliation and FMLA interference claims, alleging Plaintiff waived and released those claims by entering into valid and enforceable settlement agreements with Defendant. Defendant relies upon judicial notice and exceptions to consideration of matters outside the complaint, as a basis to introduce extrinsic evidence, for the court to review in considering Defendant's motion. For the foregoing reasons discussed below and all the other reasons discussed in Plaintiff's complaint, the Defendant's Motion to Dismiss or for Summary Judgement, should be denied.

## LEGAL STANDARD OF REVIEW

### RULE 12(d)

A 12(b)(6) motion to dismiss for failure to state a claim, which contains matters outside the complaint, that are presented to and not excluded by the Court, must be treated as one for summary judgement pursuant to FRCP 12(d). And all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

## ARGUMENT

1. Defendant's motion to dismiss should be denied because the Court should not look beyond the confines of the complaint itself in deciding motion to dismiss. See MacArthur v. San Juan, 309 F.3d 1216, 1221 (10th Cir. 2002). There was no mention or reference of any settlement agreements contained within or attached to the Plaintiff's complaint. Any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings constitutes matters outside the pleading. See Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992). The two alleged settlement agreements are written evidence in opposition to the Plaintiff's complaint, is beyond the confines of the complaint, constitutes matters outside the pleading, and therefore should be excluded by the Court.

2. Defendant's motion to dismiss should be denied because the exceptions to the rule, Courts may not consider any evidence outside the complaint during a 12(b)(6) motion to dismiss, do not apply under these circumstances. Courts may consider official public records and documents sufficiently referred to in the complaint so as long as the authenticity of the documents are not disputed. See Phillips v. LCI, Int'l, Inc., 190 F3d 609, 618 (4th Cir. 1999). The first alleged settlement was a private agreement between two parties that was never approved by the Courts. There is no public record of the first alleged settlement agreement; therefore, it should be excluded by the Court. There is public record of the existence of a second settlement agreement approved by the Court. However, both settlement agreements (private and public), are in dispute as to whether the plaintiff legally waived and released all claims under the FLSA and FMLA and therefore both should be excluded by the Court.

3. Defendant's motion for summary judgement should be denied because no discovery has begun which would allow Plaintiff adequate time to gather the evidence needed to properly oppose the motion. Defendant's motion for summary judgement is premature at this stage and should be denied or in the interim, stayed until discovery is completed.

4. Arguendo, Defendant's motion to dismiss and for summary judgement should be denied because Plaintiff's FMLA and FLSA rights cannot be waived and released without prior approval by the Court or the U.S. Department of Labor. See Taylor v. Progress Energy 415 F.3d 364 (4th Cir. 2007). The first settlement agreement was private and not approved by the Court or the U.S. Department of Labor. The second settlement which was approved by the Court, only settled a wage and hour claim, it did not address the separate issue of retaliation for filing a complaint or the FMLA interference claim.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss or For Summary Judgement should be denied because (1) the court accepts all well-pled facts as true and if true, demonstrate a claim that the Plaintiff may plausibly be entitled to relief, (2) the extrinsic evidence are matters outside the complaint and should be excluded by the court, (2) if evidence is allowed, the motion should be one for summary judgement, and (3) summary judgement before any discovery has begun is premature and should be denied.

Respectfully submitted this 16th day of November 2020.

Sharon Renea Blackmon, Pro se

5952 Bluestem Circle

Greensboro, NC. 27405

(336) 954-7936

srblackmon@hotmail.com

## CERTIFICATE OF FILING AND SERVICE

The undersigned hereby certifies that on the 16th day of November 2020, I filed the foregoing **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGEMENT** along with the **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGEMENT** with the Clerk of Court.

I hereby certify that I have mailed the document to Defendant's attorney:

Joseph E. Elder

Special Deputy Attorney General

NC State Bar No. 28507

NC Department of Justice

P.O. Box 629

Raleigh, NC. 27602

This 16th day of November 2020

Sharon Renea Blackmon, Pro se

5952 Bluestem Circle

Greensboro, NC. 27405

(336) 954-7936

srblackmon@hotmail.com