IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHARON RENEA BLACKMON,           )
                                 )
            Plaintiff,            )
                                 )
    v.                           )
                                 )    1:20CV786
STATE OF NORTH CAROLINA,          )
DEPARTMENT OF HEALTH AND          )
HUMAN SERVICES,                   )
                                 )
            Defendant.            )

**MEMORANDUM ORDER**

This matter is before the Court on Defendant's Motion to Dismiss or for Summary Judgment [Doc. #8]. Plaintiff Sharon Renea Blackmon, a Processing Assistant for Defendant until August 31, 2017, filed this action on August 28, 2020 alleging violations of the Fair Labor Standards Act ("FLSA") and the Family and Medical Leave Act ("FMLA"). She asserts that her termination was retaliation for her submission of a formal complaint with the State for unpaid overtime wages and interference with the exercise of her FMLA rights. (See generally Compl. [Doc. #1].) Defendant contends that Blackmon waived and released Defendant from these claims in two settlement agreements entered into between the parties, both of which are attached to Defendant's motion. (Mot. at 2 (citing to Ex. 1 (FMLA Settlement Agreement (July 2018) [Doc. #8-1], Ex. 2 (FLSA Settlement Agreement (Aug. 2019) [Doc. #8-2]).) For the reasons that follow, the motion is granted.

Defendant has moved to dismiss, or in the alternative, for summary judgment. Because a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the allegations in the complaint, a court generally limits its review to the allegations themselves. Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165-66 (4th Cir. 2016); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Otherwise, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Cf. Smith v. McCarthy, No. ELH-20-419, 2021 WL 4034193, at *7-*9 (Sept. 3, 2021) (discussing the procedure followed if "the movant expressly captions its motion 'in the alternative' as one for summary judgment, and submits matters outside the pleadings for the court's consideration").

However, as is relevant here, a court may take judicial notice of matters of public record and its own records without converting the motion to one for summary judgment. Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013) (describing a court's consideration of "facts and documents subject to judicial notice without converting the motion into one for summary judgment" as "a narrow exception to the principle embodied in Rule 12(d)"); Phillips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6)

2

dismissal, we may properly take judicial notice of matters of public record.");
Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396-97 (4th Cir. Jan. 31, 2006)
("Specifically, a court may consider official public records, documents central to
plaintiff's claim, and documents sufficiently referred to in the complaint so long as
the authenticity of these documents is not disputed."); Anderson v. FDIC, 918
F.2d 1139, 1141 n.1 (4th Cir. 1990) ("[W]e believe a district court should properly
take judicial notice of its own records[.]").

Here, the FLSA Settlement was approved by this Court in an action
Blackmon previously brought against Defendant, Blackmon v. Cohen, et al., No.
1:17CV890. (See FLSA Settlement [Doc. #42-1 in 1:17CV890]; Mem. Order [Doc.
#44 in 1:17CV890].) Next, the FMLA Settlement is a public record under North
Carolina law. See FMLA Settlement ¶ 13 (acknowledging that the agreement is a
public record under North Carolina law); N.C. Gen. Stat. § 132-1(a) (defining public
records); N.C. Gen. Stat. § 132-1.3(a) (including in the definition of public records
"all settlement documents in any suit . . . instituted against any agency of North
Carolina government or its subdivisions, as defined in G.S. 132-1, in connection
with or arising out of such agency's official actions, duties or responsibilities
. . . "); N.C. Gen. Stat. § 132-1.3(c) (defining "settlement documents" to include
"all documents which reflect, or which are made or utilized in connection with, the
terms and conditions upon which any proceedings described [above] are
compromised, settled, terminated or dismissed, including . . . settlement
agreements . . . "). Therefore, the Court may take judicial notice of the FLSA

3

Settlement and the FMLA Settlement without converting Defendant's motion to one for summary judgment.[1]

Blackmon disagrees. She argues that the FMLA Settlement was a private agreement for which there is no public record, but, as explained above, North Carolina law considers that agreement to be a public record. Citing Taylor v. Progress Energy, 415 F.3d 364 (4th Cir. 2005[2]), Blackmon contends that she could not have waived her FMLA rights without approval of a court or the Department of Labor ("DOL"), but that is no longer the law. See, e.g., Whiting v. Johns Hopkins Hosp., 680 F. Supp. 2d 750 (D. Md. 2010) (distinguishing FMLA and FLSA and finding that "a settlement or release of FMLA claims based on past employer conduct" does not require approval by the DOL or courts), aff'd, 416 F. App'x 312 (2011) (acknowledging that "the DOL is not bound by the observations we made in Taylor . . ." and upholding the DOL's revised regulation as reasonable). Finally, she argues that there is a "dispute as to whether [she] legally waived and released all claims under the FLSA and FMLA", specifically retaliation in violation of the FLSA and interference with FMLA rights, but the terms of those documents belie that argument, as illustrated below.

---

[1] Even so, Blackmon was put on notice of the possibility that the motion could be converted to one for summary judgment and responded in like manner in her opposition brief. In so doing, she failed to identify any discovery that would inform the issue of waiver and release. See Smith, 2021 WL 4034193.

[2] Blackmon mistakenly dates this opinion as published in 2007. The Fourth Circuit's published opinion at 415 F.3d 364 (2005) was vacated in 2006, but then reinstated at 493 F.3d 454 (2007).

4

Blackmon was represented by counsel when the parties executed the FLSA Settlement in August 2019. The agreement begins by expressing that "Employer and Blackmon desire to resolve any and all disputes, claims, or causes of action between them that now exist, or may exist . . . ." (FLSA Settlement Intro.) More specifically, "Blackmon[] knowingly and voluntarily release[d] and forever discharge[d] Employer . . . of and from any and all wage and hour claims under federal and state law, known and unknown, asserted or unasserted, which Blackmon has or may have against [Employer] as of the date of execution of this Agreement, including, but not limited to, any alleged violation of the FLSA . . . ." (Id. ¶ 3.) This language is unambiguous. Blackmon waived and released Defendant from all FLSA claims, including the retaliation claim she now asserts.

She was also represented by counsel when the parties executed the FMLA Settlement in July 2018. (See FMLA Settlement Signature Pages.) The agreement begins by stating,

> The Parties agree that they desire to settle fully and finally all employment relationship matters between them, including, but not limited to, any differences that might have arisen out of the Employee's employment with the Department and the separation of Employee from employment with the Department. The Employee and the Department have agreed to sever their employment relationship and this Agreement sets forth their complete agreement and understanding regarding the Employee's separation from the Department and all issues related to Employee's employment with the Department.

(FMLA Settlement Intro.) More specifically, Blackmon agreed to "fully release[] the Department . . . from any and all liability . . . by reason of any act or omission

5

arising out of or in connection with [her] employment with or separation from employment by the Department, including . . . the Family and Medical Leave Act, as amended (FMLA) . . . ." (Id. ¶ 6(a).) Blackmon further agreed "not to institute or pursue any litigation . . . in any forum that is in any way based upon or arising out of any matter involving [her] and the Department from the date of her employment through the execution of this Agreement." (Id. ¶ 6(b).) Again, these terms are unambiguous. Blackmon waived and released Defendant from all FMLA claims, including the interference claim she now brings.

For the reasons stated in this Memorandum, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss or for Summary Judgment [Doc. #8] is GRANTED and this action is dismissed.

This the 19th day of October, 2021.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge

6